**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| OMAR JESUS CASTILLO, | No. 19-73076 |
| Petitioner, | Agency No. A089-268-142 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2021**
Pasadena, California

Before: BYBEE and BRESS, Circuit Judges, and CARDONE,*** District Judge.

Omar Jesus Castillo, a citizen of Mexico, petitions for review of a Board of

Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

(IJ) order denying claims for withholding of removal and relief under the Convention Against Torture (CAT). We review for substantial evidence and may grant relief only if the record compels a contrary conclusion. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1.  Substantial evidence supports the IJ's determination, which the BIA adopted, that Castillo failed to establish a nexus between the harm he suffered and his proposed social group of a "family association to a member of the media." *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 881–82 (9th Cir. 2021) (nexus requirement for withholding of removal). Even assuming Castillo's proposed social group is cognizable, Castillo offers no reasoning to challenge the agency's nexus finding. "Issues raised in a brief that are not supported by argument are deemed abandoned." *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007) (quotations omitted).

But even if Castillo did adequately preserve a challenge to the IJ's nexus finding, that finding is supported by substantial evidence. The IJ could conclude that Castillo's family membership was not "a reason" for his harm. *Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017). Castillo testified that the police harmed him because they thought he knew where his aunt was located. Castillo also testified that he did not know why the police were looking for his aunt. The record

2

therefore does not compel the conclusion that Castillo has shown a likelihood of future persecution on account of his membership in his proposed particular social group. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095 (9th Cir. 2002) ("Assuming that Petitioner's family is 'a particular social group' within the meaning of the statute, he has not established that he was persecuted 'on account of' his family membership.").

2.      Substantial evidence supports the denial of CAT relief. To obtain CAT relief, Castillo must prove that government officials or private actors with government acquiescence would "more likely than not" torture him after returning to Mexico. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quotations omitted).

Although the IJ assumed that the police tortured Castillo, that does not compel a finding he will be tortured in the future. *See Mohammed v. Gonzales*, 400 F.3d 785, 802 (9th Cir. 2005) ("[T]he showing of past torture does not give rise to a regulatory presumption of fear of future torture."). Castillo continued to live in the area for a few months afterward without incident. Nor has Castillo has pointed to any evidence suggesting that Mexican officials have a continuing interest in him or his aunt. In the five years between the incident and the agency's review, no family members living in Mexico were harmed. *See Go v. Holder*, 640 F.3d 1047, 1053 (9th Cir. 2011) ("[L]ack of harm to similarly situated family members . . . generally

3

undercuts an alien's fear of harm."). The record thus does not compel the conclusion that Castillo will likely be tortured if returned to Mexico.

Because the BIA reasonably concluded that Castillo had not established eligibility for CAT relief, any error by the IJ in stating that Castillo bore the burden to show he could not safely relocate within Mexico is immaterial. Finally, the record does not support Castillo's assertions that the IJ and BIA failed to consider the evidence in its entirety.

**PETITION DENIED.**